UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRONT-LINE PROMOTIONS & MARKETING, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-3208** |
| **MAYWEATHER PROMOTIONS, LLC, ET AL.** | **SECTION: "I" (4)** |

## ORDER

Before the Court is **Defendants' Motion To Quash and/or Motion For Protective Order (R. Doc. 48)**, filed by the Defendants, Mayweather Promotions, LLC ("Mayweather Promotions") and Floyd Mayweather, Jr. ("Mayweather") (collectively as "the Defendants") seeking an Order from this Court quashing discovery requests served on January 30, 2009 by the Plaintiffs, Front-Line Promotions & Marketing, Inc. ("Front-Line") and Insights Marketing, Inc ("Insights") (collectively as "the Plaintiffs"). The Plaintiffs oppose the motion. (R. Doc. 54). The motion was heard with oral argument on Wednesday, March 4, 2009.

### I.   Background

This is a breach of contract action arising out of Floyd Mayweather Jr.'s purported failure to appear at an event during All-Star Weekend 2008 in New Orleans, Louisiana. (R. Doc. 1, Compl.) Mr. Mayweather is an undefeated professional boxer who has been rated as the number-one "pound for pound" boxer in the world. On or about January 18, 2009, Mayweather signed a contract agreeing to appear during All-Star Weekend at the "Best of Both Worlds" event ("the Event"). (R. Doc. 1, ¶ 8.) Plaintiff, Insights, paid Mayweather $12,500.00, which amounts to 50% of the $25,000

appearance fee to secure Mayweather's availability and appearance at the Event. (R. Doc. 1, ¶ 10.) The Plaintiffs jointly presented and marketed the event, and they launched a local and national advertising campaign to promote the Event. (R. Doc. 1, ¶¶ 9, 12.) Mayweather provided more than 10 recorded "voice drops" confirming that he would be appearing at the Event alongside Allen Iverson, a professional NBA basketball player. (R. Doc. 1, ¶ 12.)

On February 16, 2008, Mayweather allegedly was in the City of New Orleans hosting a party at the 360 Nightclub. (R. Doc. 1, ¶ 13.) However, he purportedly failed to fulfill his talent appearance agreement by: (1) failing to promote the Event at the Sugar Mill radio during an interview with Q-93 radio station; and (2) failing to appear at the Event on February 17, 2008, as scheduled. (R. Doc. 1, ¶ 14.) Accordingly, the Plaintiffs filed the instant lawsuit seeking damages for breach of contract and for bad faith, based on Mayweather's failure to appear.

During the course of discovery, on January 30, 2009, the Plaintiffs served Requests For Production of Documents, Interrogatories, and Requests for Admission. (R. Doc. 48-2, p. 2; R. Doc. 54-2, Ex. A., Pls.'s Interrogs.; R. Doc. 54-4, Ex. B. Pl.'s Reqs. For Produc. of Docs.; R. Doc. 54-4, Ex. C. Pl.'s Reqs. For Admis.) In accordance with the Federal Rules, the Defendants' responses to these written discovery requests were due no later than March 2, 2009. Subsequently, on February 5, 2009, the Plaintiffs served a Notice of Depositions for Records Only seeking the production of several documents related to the instant litigation with a return date of February 12, 2009.[1] (R. Doc. 54-5, Ex. D, Notice of Depo For Rec. Only.) The Notice seeks similar documentation to that which is sought via the Plaintiffs' written discovery requests.

---

[1] The Defendants assert that the Plaintiffs also served a subpoena with the Notice of Deposition. However, both parties failed to attach a copy of the subpoena for the Court's review.

The Defendants filed the subject motion seeking to quash the discovery requests and/or requesting the entry of a protective order on their behalf. (R. Doc. 48.) They argue that the Plaintiffs discovery requests and subsequent Notice and *subpoena duces tecum* are untimely. (R. Doc. 48, p. 2.) They further emphasize that the pertinent discovery deadline in this case elapsed on February 17, 2009. (R. Doc. 48, p. 2.) In addition, the Defendants argue that the requests are unduly burdensome, harassing, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence and that the use of a *subpoena* to obtain the requested information is procedurally improper.

The Plaintiffs insist that Defendant Floyd Mayweather, Jr. is resisting discovery. (R. Doc. 54, p. 3.) They argue that any objection to a *subpoena duces tecum* must be served prior to the time for performance and insist that Mayweather's February 14, 2009 objection was untimely. (R. Doc. 54, pp. 3-4.) The Plaintiffs also argue that the Defendants have not shown that they will be prejudiced in an way or that they will sustain any undue hardship by producing the requested documents.

**II.     Standard of Review**

    **A.     Scope of Discovery**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does

have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery and outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

### B. Protective Order

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed.R.Civ.P. 26(c).

Rule 26(c), however, contains a requirement that good cause be shown to support the

4

issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc*., 134 F.3d 302, 306 (5th Cir. 1998).

Furthermore, under Rule 26(d),"[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed.R.Civ.P. 26(d). The principal effect of Rule 26(d) is "to eliminate any fixed priority in the sequence of discovery." Advisory Committee's Note to Fed.R.Civ.P. 26(d), 1970 Amendments. A court has discretion to vary the usual priority, however, such relief is granted "only for 'the most obviously compelling reasons.'" Advisory Committee's Notes to Fed.R.Civ.P. 26(d), 1970 Amendments (quoting 2A Barron & Holtzoff, *Federal Practice and Procedure* 44-47 (Wright ed. 1961)).

### III. Analysis

#### A. Protective Order

The Defendants argue that the Plaintiffs' written discovery requests and subsequent Notice and *subpoena duces tecum* are untimely. They bolster this argument by emphasizing that the pertinent discovery deadline in this case elapsed on February 17, 2009. The Defendants further argue that the discovery requests are unduly burdensome, harassing, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Therefore, they urge the Court to either quash the Plaintiffs' discovery requests or to enter a protective order on their behalf.

In opposition, the Plaintiffs insist that Defendant, Floyd Mayweather, Jr., is resisting

5

discovery. To support this contention, the Plaintiffs point to the fact that Mayweather's testimony was evasive on the issue of whether Tasha Robinson White ("White") was actually an employee of Mayweather Promotions.[2] They argue that the Defendants, including Mr. Mayweather, are not and should not be immune from discovery. The Defendants also assert that any objection to a *subpoena duces tecum* must be served prior to the time for performance. Thus, they insist that Mayweather's February 14, 2009 objection–*i.e.,* the instant motion to quash–was untimely.[3] The Plaintiffs also argue that the Defendants have not shown that they will be prejudiced in an way or that they will sustain any undue hardship by producing the requested documents. They also note that the Defendants failed to supplement their First Amended Rule 26(a)(1) Initial Disclosures and Second Amended Rule 26(a)(1) Initial Disclosures, which were served on February 17, 2009.

Pursuant to Rule 33(b)(2) a responding party must serve its answers and any objections within 30 days after being served with the interrogatories. Fed.R.Civ.P. 33(b)(2). Under Rule 34(b)(2)(A) "the party to whom the request is directed must respond in writing within 30 days after being served." Fed.R.Civ.P. 24(b)(2)(A). An evasive or incomplete response is equivalent to a party's complete failure to respond. Fed.R.Civ.P. 37(a)(4). Furthermore, a party is not excused from a failure to fully respond to a document production request merely because it does not possess the responsive requested materials. *Somerset Marine, Inc. v. Briese Schiffahrts GMBH & Co.*, No. 01-01881, 2002 WL 1933723, at *3 (E.D. La. Aug. 21, 2002). Rather, a party's duty to fully answer

---

[2] It is unclear whether White was the individual responsible for executing the contract at issue, but she is listed as a "Mayweather Promotions employee/officer/director/independent contractor (current and former)" who is likely to have discoverable information. (R. Doc. 54-7, p. 1, Def. Mayweather Promotions, LLC and Floyd Mayweather, Jr.'s First Amended Rule 26(a)(1) Initial Disclosures.)

[3] For clarification, it appears that the Defendants originally filed the subject motion noting their objections to the discovery requests and the Notice of deposition on February 11, 2009. (*See* R. Doc. 38). However, the motion was marked deficient by the clerk's office and was resubmitted on February 17, 2009. It now appears in the record as R. Doc. 48. Therefore, the Defendants motion is timely.

implies a duty to make reasonable efforts to obtain the information requested. *Id*.

The Court first notes that the Scheduling Order expressly indicates that "all discovery shall be ***completed*** no later than Tuesday, February 17, 2009." (R. Doc. 7) (emphasis added). Completion of discovery means that the responses and any related discovery disputes must be resolved by the deadline as well. Here, it is clear that the Plaintiffs did not file the written discovery in a manner that would permit the Defendants to provide a response within the delays allowed by law. Rather, the Plaintiffs propounded the written discovery requests upon the Defendants on January 30, 2009, notwithstanding the fact that the firmly established discovery deadline in this case was February 17, 2009. Thus, the Defendants were only provided 18 days to submit their discovery responses without running afoul of the discovery deadline– which has since elapsed.

Notwithstanding the Plaintiffs apparent failure to timely serve the discovery requests, the Defendants indicated during the hearing that they no longer intend to seek relief in the form of a protective order. Counsel further stated that the Defendants did, in fact, submit their objections and responses, out of an abundance of caution. Therefore, in accordance with the Defendants' request, the Court considers the protective order portion of the instant motion withdrawn and considers the remaining motion to quash below.

### B. Motion To Quash

Although the Defendants withdrew their request for protection from discovery, counsel for the Defendants clarified that the motion to quash portion of the subject pleading still stands. The Defendants argue that the Plaintiffs peculiarly served a Notice of Records Deposition with an accompanying *subpoena duces tecum* seeking documents relating to host of documents related to

the instant dispute.[4] They assert that the Plaintiffs are improperly attempting to secure discovery responses by serving a *subpoena* upon Mr. Mayweather, a party to the litigation.

The Plaintiffs urge the Court to deny the Defendants motion to quash. Specifically, they assert that any objection to a *subpoena duces tecum* must be served prior to the time for performance and insist that Mayweather's February 14, 2009 objection was untimely.

As a preliminary matter, it appears that the Defendants originally filed the subject motion noting their objections to the discovery requests and the Notice of deposition on February 11, 2009. (*See* R. Doc. 38). However, the motion was marked deficient by the clerk's office and was resubmitted by counsel on February 17, 2009. It now appears in the record as Document No. 48. Therefore, contrary to the Plaintiffs' assertion, the Court finds that the Defendants motion is timely.

The Court next notes that neither party provided a copy of the subpoena for the Court's review as required by Local Rule 7.4. Nonetheless, the Court is of the opinion that the Plaintiffs attempted to circumvent the apparent timeliness issue with respect to the written discovery requests by issuing a Notice of Record Deposition and a *subpoena duces tecum* on February 5, 2009 with a return date of February 12, 2009. Furthermore, as correctly noted by the Plaintiff, pursuant to Federal Rule of Civil Procedure 45, a *subpoena* is an improper mechanism for seeking discovery from a party to the litigation. Based on the foregoing, the Court grants the Defendants' motion to

---

[4] Specifically, the Plaintiffs' Notice seeks documentation relating to: the Event which is the subject of this litigation; the amount Mayweather was paid for his appearance at the Wrestle Mania Event that he attended in lieu of his appearance at the Event; contracts, promotional materials, press releases, videos and CD's pertaining to Mayweather's appearance at the Wrestle Mania Event; contracts, agreements, and records pertaining to his appearance at events signed by Tasha Robinson White; employment documents, contracts, agreements, and records, pertaining to the job description and responsibilities of Ms. White; documents authorizing Ms. White to represent Mayweather and to negotiate and sign appearance agreements; emails and letters between employees or representatives of Mayweather and Robbie McNair concerning the Event; calendar dates of all tentatively scheduled and confirmed appearances for Mayweather between 2007 and 2008; documents relating to Mayweather's alleged scheduling conflict; payments by Defendants to Ms. White during 2008; and a copy of Ms. White's drivers licenses and resume.

quash.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Mayweather Promotions, LLC and Floyd Mayweather, Jr.'s **Motion For Protective Order (R. Doc. 48)** is hereby **WITHDRAWN.**

**IT IS FURTHER ORDERED** that the Defendants' **Motion To Quash (R. Doc. 48)** is hereby **GRANTED.**

New Orleans, Louisiana, this 2nd day of April 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**