UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRONT-LINE PROMOTIONS & MARKETING, INC. and INSIGHTS MARKETING & PROMOTIONS, INC. | CIVIL ACTION<br>No. 08-3208 |
| VERSUS | |
| MAYWEATHER PROMOTIONS, LLC and FLOYD MAYWEATHER, JR. | SECTION I/4 |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment on plaintiffs' negligence claims, filed on behalf of defendants Mayweather Promotions, LLC ("Mayweather Promotions") and Floyd Mayweather, Jr. ("Mr. Mayweather").[1] Plaintiffs, Front-Line Promotions & Marketing, Inc. ("Front-Line") and Insights Marketing & Promotions, Inc. ("Insights"), have opposed the motion.[2] For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

This case arises out of Mr. Mayweather's alleged failure to attend a February 17, 2008 event in New Orleans during the NBA All-Star Weekend. Front-Line and Insights filed a complaint, styled "Original Complaint (For Breach of Contract)", in this Court on May 9, 2008.[3] Defendants filed a motion for partial summary judgment on February 17, 2009, seeking dismissal of all claims asserted against Mr. Mayweather and all claims asserted by Insights. The Court denied summary judgment as

---

[1] R. Doc. No. 121.
[2] R. Doc. No. 124, mem. opp'n.
[3] R. Doc. No. 1, compl.

1

to claims against Mr. Mayweather and granted summary judgment as to claims by Insights.[4] Accordingly, Insights was dismissed from the lawsuit.

At that point, it appeared that only Front-Line remained as a plaintiff in the case. During the April 3, 2009 pretrial conference, however, counsel for plaintiffs maintained that both Front-Line and Insights had always intended to recover against defendants on a tort theory of negligence, in addition to the breach of contract theory. Over defendants' objection, the Court permitted plaintiffs' counsel to amend the original complaint to clarify any tort claim asserted against defendants.[5] Leave to amend was granted with respect to both Front-Line and Insights, whose prior dismissal had been rendered premature.

On April 9, 2009, plaintiffs filed their amended complaint, asserting a tort claim against Mr. Mayweather. There is no tort allegation made against Mayweather Promotions. Plaintiffs allege that "Floyd Mayweather negligently failed to attend the 'Best of Both Worlds' Event as agreed, and is therefore liable for all tort damages . . . for his negligent failure to attend."[6] Defendants seek dismissal of each plaintiff's tort claim asserted against Mr. Mayweather.

*LAW AND ANALYSIS*

I.  **STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the

---

[4] R. Doc. No. 91.
[5] R. Doc. No. 105.
[6] R. Doc. No. 109, am. compl. ¶23.

2

record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

The Court assesses the claims of Front-Line and Insights in turn.

## II. FRONT-LINE'S TORT CLAIM

Defendants argue that Front-Line may not recover in tort because Mr. Mayweather owed Front-Line no independent duty separate from any duty created by the contract. Under Louisiana law, the "existence of a contract does not confer tort immunity." City of New Orleans v. United Gas Pipe Line Co., 517 So. 2d 145, 167 (La. Ct. App. 1987). However, for a defendant which has

3

incurred contractual obligations to be liable in tort, it must owe the plaintiff a legal duty which is "independent and separate from any duty created by contract." PPG Indus., Inc. v. Shell Oil Co., 727 F. Supp. 285, 288 (E.D. La. 1989).

In their amended complaint, plaintiffs allege that Mr. Mayweather "negligently failed to attend the 'Best of Both Worlds' Event as agreed, and is therefore liable for all tort damages including but not limited to damages arising under La. Civil Code Article 2315, et seq. for his negligent failure to attend."[7] In their response brief, plaintiffs do not respond directly to defendants' argument, other than a conclusory recitation that Front-Line has "asserted a valid tort action for Mayweather's negligent failure to attend and appear at the Event."[8]

Clearly, Front-Line's claim for "negligent failure to attend" is coextensive with its breach of contract claim. Front-Line has not alleged an "independent and separate" legal duty owed beyond the alleged contractual obligation. Indeed, in the paragraph of the amended complaint setting forth the tort allegation, plaintiffs assert that Mr. Mayweather "negligently failed to attend the 'Best of Both Worlds' Event as agreed."[9] As a matter of law, Front-Line has no recourse against defendants in tort and its tort claim for negligence must be **DISMISSED WITH PREJUDICE**.

## III. INSIGHTS'S TORT CLAIM

This Court has already dismissed with prejudice the breach of contract claims alleged by Insights in plaintiffs' original complaint.[10] The Court found that Insights was not a party to the contract and, therefore, that it had no right to recover damages for any breach thereof. Presently, defendants argue that, as a matter of law, Mr. Mayweather owed no duty to Insights and, therefore, he cannot be liable in tort.

---

[7] Id.
[8] Mem. opp'n at 9.
[9] Am. compl. ¶23 (emphasis added).
[10] See R. Doc. No. 91.

4

"[A]bsent privity of contract a cause of action cannot be asserted based on breach of contract; however, this does not preclude asserting a claim for damages based on the wrongdoer's tort." Gurtler, Hebert and Co., Inc. v. Weyland Mach. Shop, Inc., 405 So. 2d 660, 662 (La. Ct. App. 1981); see also Lyons v. Jahncke Serv., Inc., 125 So.2d 619, 627 (La. Ct. App. 1960) (holding that privity of contract "between the negligent defendant and the injured plaintiff [is not] an indispensable prerequisite to recovery of damages").

Insights seeks damages pursuant to Louisiana Civil Code article 2315. The negligence inquiry under that article "consists of the following four-prong inquiry:"

> I. Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e. was it a cause-in-fact of the harm which occurred?
> II. Did the defendant owe a duty to the plaintiffs?
> III. Was the duty breached?
> IV. Was the risk, and harm caused, within the scope of protection afforded by the duty breached?

State Farm Mut. Auto. Ins. Co. v. LeRouge, 995 So. 2d 1262, 1276 (La. Ct. App. 2008). "The question of whether a duty exists in a particular set of circumstances is a question of law for the court to decide." Id.

The amended complaint does not expressly set forth the elements of plaintiffs' tort claim. The only mention of a duty occurs in paragraph 30, wherein plaintiffs allege that "Defendants knew, or in the exercise of reasonable care, should have known of Mayweather's duty to appear and attend the Best of Both Worlds event."[11] In their responsive brief, plaintiffs argue that the "Mayweather-Defendants were clearly aware of, and had direct contact with Insights' Marketing" both before the contract was executed and on various occasions from mid-January through mid-February of 2008.[12]

---

[11] Am. compl. ¶30.
[12] Mem. opp'n at 2.

They enumerate five instances of contact between the "Mayweather-Defendants"[13] and Insights which, they argue, "clearly place defendants on notice of Insights' role in the promotion of this event."[14]

Plaintiffs appear to argue that Mr. Mayweather's alleged awareness and understanding of Insights's role in the February 17, 2008 event translates into a general legal duty he owed to Insights to attend the event. Notwithstanding the communications between defendants and Insights, however, any duty of Mr. Mayweather's in this case arose out of the contract, not out of some general legal duty which the law imposes. See PPG Indus., 727 F. Supp. at 288. The duty breached, if any, was the obligation to attend as set forth in the agreement; if Insights wanted to be a beneficiary of that obligation, it should have made itself a party to that agreement. It did not do so. Moreover, in opposing defendants' February 17, 2009 motion for partial summary judgment, Insights did not argue that it was a third-party beneficiary of that agreement. The Court finds that Mr. Mayweather did not owe a general legal duty to Insights and that, therefore, Insights's tort claim against Mr. Mayweather must be **DISMISSED WITH PREJUDICE**.[15]

---

[13] The Court reiterates that plaintiffs' amended complaint does not allege that Mayweather Promotions was negligent. It only alleges that Mr. Mayweather was negligent.

[14] These five alleged contacts are: (1) Insights's wiring of the initial deposit for the appearance agreement; (2) a meeting in an Atlanta nightclub between Mr. Mayweather and Keshia Walker ("Walker"), Insights's owner; (3) a conference call involving Tasha Robinson-White ("Robinson-White"), Mr. Mayweather's alleged representative, and Patrick Nix ("Nix") of Front-Line and Walker; (4) a second conference involving Robinson-White, Nix, and Walker; and (5) a third conference call involving Nix, Walker, and Leonard Ellerbe, CEO of Mayweather Promotions. For summary judgment purposes, the Court finds these allegations to be supported by sufficient evidence.

[15] Even if there were a tort duty owed by Mr. Mayweather to Insights and he were to have breached that duty, the losses alleged by insights do not fall within "the scope of protection afforded by the duty breached." LeRouge, 995 So. 2d at 1276. In other words, Insights would fail the fourth part of the four-prong inquiry set forth in LeRouge.

The case of PPG Industries, Inc. v. Shell Oil Co., 727 F. Supp. 285 (E.D. La. 1989), is instructive. In that case, PPG contracted to purchase ethylene from Shell. Id. at 286. Following an explosion at Shell's oil refinery, PPG filed a tort claim and a contract claim against Shell, and a tort claim against Brown & Root, which performed maintenance work at the refinery. Id. at 286, 289. Brown & Root's maintenance work was alleged to have been negligently performed and to have caused the explosion. PPG sought to recover from Brown & Root the economic losses PPG suffered as a result of Brown & Root's negligently causing the explosion.

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED** that defendants' motion for partial summary judgment is **GRANTED**.[16]

**IT IS FURTHER ORDERED** that the negligence claim of Front-Line is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the negligence claim of Insights is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, April 24, 2009.

*[signature]*
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

The court apparently found that Brown & Root had a "general legal duty not to negligently repair or maintain Shell's piping system." Id. at 289. Notwithstanding this duty, the court dismissed PPG's tort claim against Brown & Root, with whom PPG "had no direct relationship," because PPG's losses did not fall within the scope of Brown & Root's duty. Id. at 289; cf. PPG Indus., Inc. v. Bean Dredging, 447 So. 2d 1058, 1061 (La. 1984) (holding that Louisiana law "does not necessarily require that a party who negligently causes injury to property must be held legally responsible to all persons for all damages flowing in a 'but for' sequence from the negligent conduct") (emphasis in original)).

Even if this Court were to find that Mr. Mayweather owed a general legal duty – separate and independent of any contractual obligation – to Insights to attend the February 17, 2008 event – a finding it does not make – the damages allegedly suffered by Insights are beyond the scope of protection that any such duty would afford to Insights. Under this analysis, Insights would fail the fourth prong of the article 2315 inquiry articulated in LeRouge and its tort claim would similarly be dismissed.

[16] R. Doc. No. 121.